[Crim. No. 5581.   Second Dist., Div. One.   May 16, 1956.]

## THE PEOPLE, Respondent, v. ALBERT HOOD, Appellant.

Albert Hood, in pro. per., and Robert M. Maslow, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Arthur L. Martin, Deputy Attorney General, for Respondent.

WHITE, P. J.—In an information filed by the district attorney of Los Angeles County, defendant was charged in two counts with the crime of burglary. He was also charged with two prior felony convictions. Not guilty pleas were entered as to both counts of the information, and the prior convictions were denied. Trial by jury was waived and the People's case was by stipulation submitted on the testimony adduced at the preliminary examination with both the prosecution and defense reserving the right to offer additional evidence if desired. Defendant offered no testimony in his behalf. Defendant was acquitted on Count I, and found guilty on Count II. The burglary therein charged was fixed as second degree. The allegations as to both alleged prior convictions were found to be true. Defendant's motion for a new trial was denied. Defendant in propria persona, filed notice of appeal from the "verdick" (sic), which we shall consider as an appeal from the judgment of conviction.

As to the factual background surrounding this prosecution, the record reflects that Clentren Quiller testified that his home is located at 4127 Woodlawn, in the city of Los Angeles. At 10:30 a. m. on July 20, 1955 he locked the doors to his house and departed. Returning at 2 p. m. the same day he discovered that a 21-inch Admiral television set, a radio, and some curtains, clothes and a quart of milk were missing. He noticed that the screen on his rear-outer door was cut and a glass window in the inner door was broken. Quiller had not given the defendant nor anyone else permission to enter his home or to take anything out of it.

Luther Bass testified that he lives at 1283 West 36th Place and that he works at Felds Expect. In the middle of July, 1955 he saw the defendant, Albert Hood, coming out the back gate of the court behind Feld Expect carrying a table model television set with a blanket over the top of the set. The time of day was close to noon. That defendant walked over to a waiting yellow cab that was parked on the edge of the Feld Expect parking lot. He tried to get the television set in the left side of the automobile but it wouldn't fit. Then he brought the set to the right-hand side and put it in through the front door next to the driver.

Bass's attention was attracted because the driver would not help Hood put the set in the car. Noting this and anticipating questions he took the number of the cab. At the trial he stated that he remembered the number which was 9040. After Hood got the set inside he drove off in the cab. The next

time Bass saw Hood was at the police station where he identified him in a "line-up."

Otto Leisy, a taxicab driver, testified that on July 20, 1955, he picked up a male passenger whom he identified at the trial as the defendant. He picked up the defendant near 41st and Main Streets. At this time the defendant was carrying an 8 to 10-inch bundle of clothes. The defendant directed Leisy to drive in the alley behind Woodlawn and Main Streets and park behind a court in a vacant lot. Leisy waited outside while the defendant went in to "get some more articles." The defendant returned with a table model television set. The set wouldn't fit in the back seat so the defendant set it in the front seat of the cab. Leisy noticed that one of the defendant's hands had evidently been "scuffed" on his way into the house. His finger was bleeding quite a bit and he had a handkerchief wrapped around it.

Leisy took the defendant to an apartment house in the vicinity of the 1100 block which was situated across the street from 1106 West Eleventh Street.

As a first ground for reversal appellant urges that he was denied his constitutional guarantee of counsel to advise and defend him at his trial (Cal. Const., art. I, § 13; Pen. Code, § 987). In support of this claim appellant states in his brief, "Appellant at the outset admits that counsel was physically present with him at all stages of the proceedings, assigned to him by the court after first having had an opportunity to procure counsel of his own choice . . . Appellant does not allege nor imply the incompetence of the Public Defender assigned. Indeed, his appointment to that office signifies his requisite ability. A perusal of the record, however, demonstrates gross neglect and callous indifference and this, it is submitted, vitiates the right to counsel." We are in accord with appellant's statement that the best criterion of the competency, care and alertness of the Public Defender who represented appellant is the record in the case. We have carefully scrutinized the record herein and have no hesitancy in saying that it does not disclose "gross neglect and callous indifference" on the part of appellant's counsel.

Appellant asserts that it was not an exercise of sound discretion for his trial attorney to waive a jury and permit the prosecution to submit its case on the evidence adduced at the preliminary examination. Aside from the fact that such procedure is common practice, the record here reflects that appellant was represented at the preliminary examina-

tion by counsel who carefully and painstakingly cross-examined each witness who testified thereat.

It is urged that no testimony was produced at the trial in appellant's behalf, and that "not even the defendant himself was permitted to deny his guilt." However, it is not claimed that appellant was desirous of becoming a witness in his own behalf or could have denied his guilt without committing perjury, and unless we resort to suppositions we would be unfair were we to criticize the discretion of possibly wise choice made by trial counsel in this regard.

Present counsel is also critical of the fact that no defense testimony was produced. Again he indulges in the assumption that such testimony was available and that it would have proven beneficial to the cause of the accused. We are persuaded that trial counsel was the best judge of what testimony could or should have been offered.

Appellant's contention that the public defender was derelict in not taking an appeal from the judgment herein is totally without merit. Undoubtedly, the public defender was aware of the long recognized rule that appellate courts do not reweigh evidence or pass upon the credibility of witnesses (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778]) and confronted as he was with a situation which involved a conviction devoid of any questions of law, it cannot justly be said that he violated the provisions of section 27706, subdivision (a), of the Government Code which provides in part as the duty of the public defender to "prosecute all appeals to a higher court or courts of any person who has been convicted, where, *in his opinion,* the effect might reasonably be expected to result in the reversal or modification of the judgment of conviction." (Emphasis added.) Appellant tacitly admits the wisdom of the public defender in not appealing from the judgment of conviction when in that part of his brief attacking the sufficiency of the evidence to sustain the conviction, he states, "this brief should more properly be directed to the trial court."

The next criticism directed by counsel against the conduct of the trial by the former counsel is that "even the motion for a new trial was made with a minimum of exertion using the stereotyped phraseology of 'on all the grounds set forth in 1181 of the Penal Code.'" The record refutes this claim for it shows that at the time the motion was made the public defender stated, ". . . I didn't get the transcript back from the probation office until this morning. I'm not

prepared to argue it. I would request the matter go over a week for the purpose of argument on motion for new trial." The matter of argument on the motion was then continued for a week at which time the record reflects that the motion was argued, thus negativing the charge that trial counsel relied on "stereotyped phraseology" in presenting his motion, but on the contrary, requested and was granted a week within which to formulate and prepare his argument for a new trial, and which argument he presented. In this state of the record we perceive no "gross neglect and callous indifference," as charged by present counsel.

In answer to the contention of present counsel that the public defender was unprepared for the trial of appellant's case we deem it unnecessary to here set forth the mathematical computation of time to which present counsel resorts as a premise for such a conclusion. We are satisfied to rely upon and concur in the statement made by our Supreme Court in the case of *People* v. *Adamson,* 34 Cal.2d 320, 333 [210 P.2d 13], as follows: "that it would be difficult to find in California any lawyers more experienced or better qualified in defending criminal cases than the Public Defender of Los Angeles County and his staff." (See also *People* v. *Simeone,* 132 Cal.App.2d 593, 597 [282 P.2d 971] ; *People* v. *Collins,* 117 Cal.App.2d 175, 182 [255 P.2d 59].)

It is also urged by present counsel that testimony for the defense should have been offered because at the close of the preliminary examination the committing magistrate said, "It's a close matter. For the purpose of the preliminary, the Court holds the defendant to answer on both counts." Reference to the record immediately preceding the foregoing statement by the magistrate, however, shows that it was Count I that was under discussion and it was to that count the court was referring when the foregoing statement was made. The public defender at the trial secured an acquittal on Count I.

In his brief appellant states that while "Fully cognizant of the rule which imputes the acts of counsel to him in the absence of complaint to the trial court (*People* v. *Youders,* 96 Cal.App.2d 562, 569 [215 P.2d 743]), appellant contends that no complaint was possible in that few, if any, acts of counsel were committed in his behalf." However, the rule announced in the Youders case, *supra,* does not require that complaint be made of specific acts on the part of counsel, but affords him the opportunity to complain when, at any

time during the trial his counsel did not adequately represent him, thereby affording the trial court an opportunity to correct the situation. Not having availed himself of this privilege, appellant cannot now, after an adverse judgment, for the first time complain (*People* v. *Wilkerson*, 130 Cal.App. 2d 330, 333 [279 P.2d 56]). Certainly, the record before us does not disclose "That the defense made in his (appellant's) behalf was a sham and a violation of his constitutional right to counsel." If anything favorable to appellant was overlooked by his trial attorney, it is not apparent in the record.

■ Finally, appellant insists that the evidence as a matter of law, was insufficient to sustain his conviction of burglary as is charged in Count II of the information. He concedes that the corpus delicti of the crime charged was proven, and ". . . relies solely on the method and manner in which he was identified as the perpetrator of this crime and the weight given to his two prior convictions in establishing the insufficiency of the evidence to sustain the judgment and conviction."

We have heretofore narrated the evidence offered at the trial and it need not now be repeated. Suffice it to say that appellant attacks the credibility of the witness Bass, asserting that he was "semi-literate" because he could not recall his employer's telephone number. The claim that this witness is a "semi-literate" is refuted by a mere reading of his testimony. Appellant disparages the testimony of the witness Leisy with the charge that he was "not too sure" of his identification of appellant and that 28 days had elapsed between the burglary and the date his testimony was given.

Addressing itself to the problem presented by a challenge on appeal, to the sufficiency of identification evidence, our Supreme Court, in the case of *People* v. *Farrington*, 213 Cal. 459, 463 [2 P.2d 814], said: "The strength or weakness of the identification, the incompatibility of and discrepancies in the testimony, if there were any, and the uncertainties of witnesses in giving their testimony were matters solely for the observation and consideration of the jurors in the first instance, and for the consideration of the trial court on motion for a new trial. It has approved the finding of the jury, and on appeal this court may not disturb such finding and the action of the trial court unless we can say, as a matter of law, that there was no evidence to support the conviction." (See also *People* v. *Erno*, 195 Cal. 272, 283 [232 P. 710];

*People* v. *Newland, supra,* p. 681; *People* v. *Connelly,* 195 Cal. 584, 593 [234 P. 374].)

In the case at bar we cannot say as a matter of law, that there was no substantial evidence to support the conviction of appellant. The question of whether the identification was sufficient was one of fact for the duly constituted arbiter of the facts, and where, as here, the finding of guilt is warranted by substantial evidence, it will not be disturbed (*People* v. *Newman,* 102 Cal.App.2d 302, 305 [227 P.2d 470]).

Appellant's contention that the trial court "arrived at its judgment through an undue preoccupation with defendant's prior convictions . . ." is totally devoid of merit. Appellant's claim is predicated upon a colloquy that occurred between the public defender and the court, after the adjudication of guilt, at the time appellant was arraigned for judgment and when the court was considering the sentence to be imposed. It is as follows:

"MR. BUCKLEY (Deputy Public Defender) . . . I might mention that your Honor does have jurisdiction to impose a county jail sentence on a second degree burglary, despite the ineligibility for probation.

"THE COURT: I think he has already been through San Quentin on burglary. That was in 1950, second degree, two counts. Paroled on 4/28/53. Discharged 4/28/54. And he did a stretch in Oklahoma for burglary. No, I can't quite do that, Mr. Buckley."

The foregoing is totally inadequate to support the veiled charge made that during the trial the court was guilty of prejudicial misconduct. Judicial tribunals, proceeding within their proper jurisdiction, are deemed to have acted rightly, impartially, and honestly (1 Freeman on Judgments, 383, pp. 820, 821; 387, pp. 830-832). There is also a rebuttable presumption "that official duty has been regularly performed" (Code Civ. Proc., § 1963, subd. 15), which in this case was not controverted by other evidence.

For the foregoing reasons, the judgment is affirmed.

Doran, J., and Fourt, J., concurred.