[Crim. No. 7856. In Bank. Feb. 2, 1965.]

In re GLENN ROSE on Habeas Corpus.

Lin B. Densmore for Petitioner.

Stanley Mosk and Thomas C. Lynch, Attorneys General, Albert W. Harris, Jr., Robert R. Granucci and Michael J. Phelan, Deputy Attorneys General, for Respondent.

PETERS, J.—On this petition for habeas corpus petitioner contends that he was so inadequately represented at the trial court level that, in fact, he did not have any representation at all, and so was deprived of his constitutional right to counsel. (*Gideon* v. *Wainwright,* 372 U.S. 335 [83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733].)

This case had its inception in 1958. In that year petitioner was charged with kidnaping (Pen. Code, § 207), assault by means of force likely to produce great bodily injury (Pen. Code, § 245) and oral copulation (Pen. Code, § 288a). At all pertinent times he was represented by counsel of his own choice.

Petitioner pleaded not guilty to all three charged offenses. He later changed his plea to guilty of the kidnaping and assault charges, and the 288a charge was dismissed. Probation was denied and he was sentenced to the state prison. He appealed. On that appeal he, in propria persona, and Gartner Thomas, his trial court attorney, were permitted to file briefs. The judgment was affirmed (*People* v. *Rose,* 171 Cal.App.2d 171 [339 P.2d 954]). The appellate court held that (p. 172): "Appellant's contention is based wholly on the claim that he pleaded guilty only on the assurance of his attorney that he 'would positively be given probation.' But assurances of a defendant's own attorney are not sufficient to vitiate a plea of guilty. [Citations.] Such representations can avail a defendant only when there is an apparent corroboration of them by the acts or statements of a responsible state officer. [Citation.] Even if this proceeding be deemed an original application in the nature of coram nobis, and the

briefs be considered as affidavits, they fail to show the essential element of such corroboration.''

In 1962 petitioner moved to vacate the judgment on the ground that his trial court representation was totally inadequate in that such attorney promised him that he would get probation if he pleaded guilty, never told him that he could be imprisoned, and never discussed possible defenses with him. The District Court of Appeal dismissed the motion, and this court denied a hearing. Habeas corpus, based on the same grounds, was denied by the United States District Court. The Court of Appeals affirmed on the sole ground that petitioner had not exhausted his state remedies. (*Rose* v. *Dickson,* 327 F.2d 27.) That opinion motivated the present habeas corpus proceeding.

The petition is supported by the affidavit of Attorney Thomas in which it is averred that the affiant never discussed possible defenses with Rose, that affiant told Rose he would get probation, and did not inform him that he might get a prison term. Affiant further avers that in his opinion Rose pleaded guilty not because he was guilty but because he believed he would get probation.

This claim of lack of effective aid of counsel was not made in the trial court or on the appeal. There the claim was defendant relied on the representation of counsel that he would get probation, and that point was correctly held on appeal to lack merit because of the lack of participation by any responsible state officer. No claim of such participation is now made, but it is urged that because of such representation of his attorney, and the other claimed deficiencies of that attorney, petitioner was deprived of the effective aid of counsel to which he was constitutionally entitled. Of course, a defendant has the constitutional right ''to effective aid in the preparation and trial of the case.'' (*Powell* v. *Alabama,* 287 U.S. 45, 71 [53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527] ; *People* v. *Ibarra,* 60 Cal.2d 460, 464 [34 Cal.Rptr. 863, 386 P.2d 487].)
 If in the trial of a serious charge an appointed attorney or even a chosen one grossly neglects the preparation of the case the effect is to deny the defendant the right to counsel. (See Witkin, Cal. Criminal Procedure (1963) p. 365.)

This court appointed a referee, the Honorable Jordan L. Martinelli, Retired Judge of the Superior Court of the County of Marin, to determine the facts. The following three questions were submitted to him:

1. Did the attorney who represented Rose at the time of

the plea of guilty advise him that he would be granted probation?

2. Did the attorney advise Rose of the possibility of imprisonment or the maximum terms for the offenses charged?

3. Did the attorney discuss with Rose possible defenses which might be urged?

The referee held a hearing. Attorney Thomas testified in conformity with the averments of his affidavit. There was no direct contrary evidence. Petitioner, although present at the hearing, did not testify in corroboration of his attorney, or otherwise. The only other witnesses were a police officer and the deputy district attorney who had handled the original prosecution. They testified that in response to questions of Attorney Thomas they told him the evidence was pretty bad, that the offenses of kidnaping and assault were offenses subject to probation, but they certainly did not tell him that probation would be or was likely to be granted, or that they would recommend probation.

The referee apparently did not believe the attorney. While noting that his findings were contrary to the "literal" testimony in the record, he found:

"Concerning issue 1, *supra,* your Referee finds that the attorney who represented Rose at the time of the plea of guilty did not advise Rose that he would be granted probation.

"Concerning issue 2, *supra,* your Referee finds that petitioner's allegation that his trial counsel did not advise petitioner of the consequences of a guilty plea, nor the seriousness, in terms of punishment, of the crimes to which petitioner was pleading guilty, nor that a guilty plea might result in imprisonment rather than probation, is not true and further finds that the attorney did advise Rose of the possibility of imprisonment and the maximum terms for the offenses charged.

"Concerning issue 3, *supra,* this Referee finds that the attorney did discuss with Rose possible defenses which might be urged."

Of course, these findings are not binding on this court, although they are entitled to great weight. (*People* v. *Johnson,* 61 Cal.2d 843, 845 [40 Cal.Rptr. 708, 395 P.2d 668]; *People* v. *Tucker,* 61 Cal.2d 828, 831 [40 Cal.Rptr. 609, 395 P.2d 449]; *In re Riddle,* 57 Cal.2d 848, 853 [22 Cal.Rptr. 472, 372 P.2d 304]; *In re De La Roi,* 27 Cal.2d 354, 364 [164 P.2d 10]; *In re Marvich,* 27 Cal.2d 503, 516 [165 P.2d 241]; *In re Imbler,* 60 Cal.2d 554, 562 [35 Cal.Rptr. 293, 387 P.2d 6]; *In re Mooney,* 10 Cal.2d 1, 17 [73 P.2d 554].)

Undoubtedly the findings of the referee are predicated upon the belief that the attorney was not to be believed. This is clearly implied from the report filed by the referee in support of his findings. In that report he states that "the reporter's transcript is ponderous with testimonial facts which would tend to induce upon a disinterested and impartial intellect, an abiding conviction that petitioner's attorney of the first instance, was possessed of knowledge, and only of knowledge, that in the opinion of the Police Officer Smith and Deputy District Attorney Baldwin with whom, and only with whom said attorney consulted, this was not a case for probation, that the charges were extremely serious, that probation would not be recommended by them or either of them, that from a standpoint of law the petitioner would be 'eligible' for probation and that they would have no objection to probation.

"The attorney admitted that no person ever told him or suggested that it was a case for probation or that probation would be granted, albeit the attorney testified that he felt 'sure' or 'pretty sure' that probation would be granted inasmuch as the petitioner was without a criminal record.

"It is incomprehensible to believe that the attorney would violate the ethics of his profession by advising his client under the circumstances that he would be granted probation.

"Your Referee is not hospitable to the belief that the attorney either before or at the time of the change of pleas, advised petitioner that he would obtain probation.

"In the first instance, and admittedly, the attorney had never been advised by any person that probation would be granted, but merely that the petitioner appeared eligible for probation as a matter of law.

"Among the inferences and deductions which have participated in the above conclusion is the circumstance that the petitioner did not take an oath, did not testify and did not corroborate the testimony of his former attorney." Reference is made by the referee to Deputy District Attorney Baldwin's testimony that he only spoke to Thomas about Rose being legally eligible for probation, and never told him that it was a proper case for probation, to Thomas' admission that no one told him Rose would get probation, and to Thomas' statement that he thought he had made a gain in getting the 288a charge dismissed. The referee broadly opines that the change of plea was induced by this dismissal and not by any promise of probation.

As to issue number 2 the referee states that the record "invites the conclusion . . . that the attorney did, by infer-

ence and deduction and due to the circumstances, consult and advise Rose concerning the maximum terms and punishment.'' The referee after referring to the record continues: ''It is difficult to conceive that the possible penalties incurred by the 288a were not considered in the light of and balanced against the possible penalties incurred by the kidnap and assault charge to which the petitioner pleaded guilty when the charge of 288a was dismissed.''

 These comments indicate that the referee felt that the attorney was not to be believed. Of course, as the one empowered to pass on credibility of the witnesses, he had the right to disbelieve a witness. Had he found that the attorney was to be disbelieved, and if this court adopted that finding, then it would follow, since the attorney was the sole witness on the issues, that there was a complete failure to sustain the burden of proof, which was on petitioner.

On the other hand, the findings actually made are not only unsupported by the evidence but are directly contrary to the evidence. Certainly, it does not follow that because the referee did not believe a witness said ''yes,'' that he must have said ''no.'' It would appear that the charge that these findings of the referee are not supported by the evidence is supported by the record.

But this conclusion, that the referee's findings are not supported, does not necessarily demonstrate that petitioner was deprived of the effective aid of counsel, in the constitutional sense. This is so, not only because, as already indicated, a finding that the lawyer was not to be believed would be supported by the record, but because, even if we should find in accordance with Thomas' testimony, such findings would not require the conclusion that petitioner did not have effective aid of counsel.

 It must be remembered that we are here dealing with selected, not appointed, counsel. That fact, while not conclusive, is important. Petitioner had been a client of the attorney, in other matters, for several years. The petitioner came to the attorney and told him with what he had been charged, and requested the attorney to represent him. The attorney represented petitioner at the preliminary hearing, where he learned the complaining witness' story. He then knew that the complaining witness was the longtime girl friend of the petitioner, and formed the opinion that the charges grew out of a lovers' quarrel. He knew that all three of the charges were serious. The oral copulation

charge was particularly serious. He got in touch with the officer and the deputy district attorney handling the case. He was then told that the evidence against his client was particularly strong. He also learned that if his client was convicted of kidnaping and assault he would be eligible for probation. He also learned that if his client would plead guilty to those charges, the 288a charge would be dismissed. He then made up his mind (a judgment decision) that in view of the case against his client it would be to his client's advantage to plead guilty to the kidnaping and assault charges if he could get the oral copulation charge dismissed, particularly serious because of the statutory prohibition against probation to a defendant convicted thereon. This he advised the client to do, also advising him that he felt "sure" or "pretty sure" that probation would be granted. He testified that his assumption was based on the fact that he believed the whole case grew out of a lovers' quarrel, and thought, because petitioner had no previous criminal record, that the trial judge would grant probation. Ideally, he should have left it to the client to decide what he wanted to do. But the attorney was so positive in his mind as to what would happen that he did not do this. This does not mean that petitioner was deprived of the effective assistance of counsel. The lawyer made his decision. It turned out that he was wrong. But he made that decision in what he believed to be his client's interests. He did get the 288a charge dismissed. That was most important to his client's interests. Apparently petitioner had confidence in his attorney and in his judgment. He was quite willing to take advantage of the dismissal of the 288a charge. He lost that confidence only after he made the discovery that the advice given was not correct. Under these circumstances we cannot hold that defendant was deprived of the effective aid of counsel to which he was constitutionally entitled.

We issued the order to show cause and appointed the referee in order to give further consideration to petitioner's contention that, if the three questions were answered in accordance with his position, the court must hold that he was then deprived of the effective aid of counsel in the constitutional sense. For the reasons already stated, it is our view that such argument is without merit. We are further of the opinion that the rule announced in *People* v. *Ibarra, supra,* 60 Cal.2d 460, is not here applicable. In that case there was unawareness by the attorney of the basic issue of

law involved, and lack of knowledge of the law. Here, at most, there was faulty judgment on the part of the attorney selected by petitioner. Such is not the "extreme case" envisaged by *Ibarra* (*People* v. *Ibarra, supra,* 60 Cal.2d at p. 464).

For the foregoing reasons the order to show cause is discharged, and the writ of habeas corpus is denied.

Traynor, C. J., McComb, J., Tobriner, J., Peek, J., Burke, J., and Schauer, J.,* concurred.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.