[Crim. No. 10171.   Second Dist., Div. Two.   Mar. 18, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. OSCAR KIRCHNER, Defendant and Appellant.

Floyd H. Schenk for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Plaintiff and Respondent.

ROTH, P. J.—Appellant was convicted on two counts of a grand jury indictment charging him with violation of Health and Safety Code, section 11501. Pursuant to stipulation complete in all respects on jury waiver, the case was tried to the court. In the sentence following the completion of the jury waiver stipulation, appellant's privately employed trial counsel further stipulated in open court and in the presence of appellant to try the case on the transcript of the evidence taken before the grand jury, reserving the right to produce other evidence and to argue the case. The stipulation was accepted and the trial proceeded in accordance therewith. The reporter's transcript does not nor does any part of the record show that appellant had been advised prior to the actual trial or at the time the further stipulation was made, that he had the right of confrontation by witnesses and cross-examination of witnesses by counsel or the court.

Appellant appeals from the judgment of conviction and from the order denying his motion for a new trial.

The record consisting of the grand jury transcript and the testimony of appellant and Officer Castruita shows that on August 12, 1963, appellant approached Officer Castruita (an undercover agent) in a bar which appellant was managing and asked him if he was trying to score (purchase narcotics). Appellant told Castruita that it would cost him $70. Subsequently, appellant directed Castruita to a street corner where a purchase of heroin was made.

The following day Castruita returned to the bar and in answer to appellant's inquiry whether he had received the "stuff" the night before, Castruita replied that he had. A further purchase was then arranged for that afternoon. Castruita returned to the bar approximately two hours later, at which time he went with appellant into the men's room, gave appellant $70 and in return received from appellant a package containing heroin.

Appellant contradicted the above outline of Castruita's testimony. He testified that he was managing the bar and that on August 12 he first saw Castruita in the company of his codefendant (Musquiz) and asked both of them to leave the bar because he knew they were dealing in narcotics. They returned the next day and appellant again asked them to leave. Castruita, instead of leaving, went into the restroom. Appellant said he followed Castruita who laughed at him and then walked out, and that at no time did they discuss or deal in narcotics.

Appellant raises two contentions which indirectly question the sufficiency of the evidence and directly question the fairness of his trial.

Appellant first contends that the representation of his trial counsel was so grossly inadequate as to amount to a denial of his right to counsel. This contention is predicated upon charges that at no time did trial counsel meet with appellant prior to the date of his trial even though appellant requested such meetings; that trial counsel made no independent investigation of all of the circumstances surrounding the charge to prepare a defense; that trial counsel at no time asked appellant if there were any witnesses to the alleged transaction in the men's room, and that there was in fact such a witness who could have corroborated appellant's version of what took place in the men's room.

None of the facts in respect of said charges were made to appear at the trial and the charges here made appear for the first time in declarations of appellant and S. Chong,[1] filed in support of a motion for the new trial which motion was made by appellant's present counsel who was substituted in the trial court after completion of the trial, but prior to moving for a new trial and the pronouncement of judgment.

---

[1]Appellant in his declaration sets out the charges as pure conclusions. Chong in his declaration avers as follows:

"1. That he is and has been for a long time past employed at a bar known as 'Rochas,' located at 714 East First Street, Los Angeles, California, where he is employed as a bartender.

"2. That on August 13, 1963, between 4:00 p.m. and 4:30 p.m. I was taking a shower in the rear of said establishment and upon coming out of the shower, I observed OSCAR KIRCHNER arguing with a man known to me as 'Gopher' in the men's rest room area.

"3. That OSCAR KIRCHNER requested 'Gopher' to leave the establishment and not come back any more. That OSCAR KIRCHNER did not give 'Gopher' any article or thing during any time these men were in the rest room area because I observed them from the time they first came into the rest room area until they went out of the rest room area."

Competency and effectiveness of counsel has been generally divided by the courts into two areas. Competence in the sense of strategy, tactics and judgment exercised by the counsel during his conduct and control of the case (*In re Rose,* 62 Cal.2d 384 [42 Cal.Rptr. 236, 398 P.2d 428]; *People* v. *Prado,* 190 Cal.App.2d 374 [12 Cal.Rptr. 141]; *People* v. *Hood,* 141 Cal. App.2d 585 [297 P.2d 52]) or competence or lack of it when the attack is made because of a lack of knowledge of the law (*People* v. *Ibarra,* 60 Cal.2d 460 [34 Cal.Rptr. 863, 386 P.2d 487]) or lack of preparation and investigation exhibited by his counsel. (*Brubaker* v. *Dickson,* 310 F.2d 30.) In respect of the latter situation, the court held in *Ibarra* at p. 464: ''To justify relief on this ground, 'an extreme case must be disclosed.' [Citations.] It must appear that counsel's lack of diligence or competence reduced the trial to a 'farce or a sham.' [Citations.] It is counsel's duty to investigate carefully all defenses of fact and of law that may be available to the defendant, and if his failure to do so results in withdrawing a crucial defense from the case, the defendant has not had the assistance to which he is entitled.''

■ Thus it is clearly not enough that appellant alleges omissions of counsel indicating lack of preparation and general incompetence. Appellant must show that such acts or omissions resulted in the withdrawal of a crucial defense from the case.

It should be noted too that appellant made no objection to the competency of his counsel at any point during the trial even though he knew before the trial was completed that Chong had not been called as a witness. Thus, in *People* v. *Monk,* 56 Cal.2d 288, 299 [14 Cal.Rptr. 633, 363 P.2d 865], the court stated: ''Moreover, even if there had been any incompetency on the part of defense counsel, it is questionable whether defendant in the instant case could complain on appeal. A defendant may complain at any time during the trial that his counsel is not adequately representing him thereby affording the trial court an opportunity to correct the situation, but if a defendant fails to avail himself of this privilege at the trial level, he cannot ordinarily after an adverse judgment, first complain of the matter on appeal. [Citations.]'' Respondent urges that appellant's failure to object in this case dictates a similar conclusion. However, in *Monk* and the cases cited therein the incompetency complained of was basically that of the exercise of judgment on questions of trial tactics and strategy.

In our opinion the obligation to object is not decisive of the right to raise the issue on appeal where the alleged incompetence is a result of activities or omissions unrelated to the conduct of the trial such as the failure of counsel to urge a possible defense through ignorance of the law (*People* v. *Ibarra*, 60 Cal.2d 460 [34 Cal.Rptr. 863, 386 P.2d 487]) or failure to prepare the case with a similar result. (*Brubaker* v. *Dickson, supra,* 310 F.2d 30.) In the latter situation, the defendant is usually not made aware of the possible incompetency of his counsel until the trial is at an end and until a third party points out the obvious deficiencies of the representation he has received. To hold a defendant to the obligation to object under such circumstances would be unrealistic.

Moreover, the most recent Supreme Court case dealing with the issue of effective representation of counsel throws serious doubt on the court's observations in *Monk.*

*In re Rose, supra,* 62 Cal.2d 384, petitioner raised the issue of effective aid of counsel by writ of habeas corpus. The court specifically noted that ''This claim of lack of effective aid of counsel was not made in the trial court or on the appeal.'' (At p. 386.) Yet, the court granted the alternative writ, appointed a referee to determine the facts, and then decided the question on the merits. (*People* v. *Ibarra, supra,* 60 Cal.2d 460; cf. *Gray* v. *Wilson,* 230 F. Supp. 860.)

The theory that the defendant must object to the representation he is receiving at the trial court level stands in sharp juxtaposition to the theory that counsel at all times has charge and must be the one in charge of the defense (*In re Atchley,* 48 Cal.2d 408 [310 P.2d 15]; *People* v. *Logan,* 137 Cal.App.2d 331 [290 P.2d 11]) and imputes to the defendant a knowledge of the law that common sense and experience indicate is not justified. (*Gideon* v. *Wainwright,* 372 U.S. 335 [83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733].)

Assuming that appellant has properly raised the question of competency before this court and accepting as true appellant's charges, the burden imposed upon appellant by the cases above cited, has not been met. The fact that a witness was available to the transaction on August 13 and that the witness would testify that no exchange took place between appellant and Castruita in the men's room of the bar, was merely cumulative of the testimony given by appellant from the stand and does raise a conflict in the evidence, but it does not establish any conclusive defense that was overlooked by a lack of knowledge. (*People* v. *Richard,* 101 Cal.App.2d 631,

635 [225 P.2d 938]; *People* v. *Lakenan*, 61 Cal.App. 368, 373 [214 P. 1021].)

In addition, the factual complexion of the case at bench is eloquently indicated by the clerk's transcript:

The indictment was returned against appellant on September 6, 1963; bail was fixed at $15,000. He was arraigned on September 26, 1963, at which time the arraignment was continued to October 2, 1963. On October 2, 1963, appellant entered pleas of not guilty to the various counts of the indictment. Bail was reduced from $15,000 to $10,000, and the trial was set for October 29, 1963. On October 23, 1963, pursuant to motion for continuance and reduction of bail, the trial was continued to December 11, 1963, and the bail was reduced from $10,000 to $5,000. Appellant apparently did not make bail and was remanded. On December 9, 1963, pursuant to motion to advance hearing of the case and a motion for a continuance, the trial of the cause was continued from December 11, 1963, to January 28, 1964. Appellant apparently made bail on December 9 and was out on bail until finally sentenced. On January 28, 1964, the case was continued to February 6, 1964. On February 6, 1964, the case was called for trial. Appellant did not appear, bail was forfeited, a bench warrant was issued and trial was set for March 16, 1964. On March 13, 1964, pursuant to motion, the case was called, forfeiture of bail was set aside, the bail was reinstated, (appellant apparently had been in the hospital) the trial was continued to March 25, 1964. Appellant was again out on bail. On March 25, 1964, the stipulation referred to at the outset of this opinion was made in open court and the court continued the trial for oral testimony to April 10, 1964. Appellant was out on bail. On April 10, 1964, the testimony referred to at the outset of this opinion was taken. Appellant was found not guilty on Count I and guilty on Counts III and IV. Time for sentencing was waived, the probation report was ordered, and the case was continued for probation and sentence to May 6, 1964, appellant remaining out on bail. On May 6, 1964, the matter of probation and sentence was continued to May 13, 1964. Appellant's present counsel first appeared at this hearing and the motion was made substituting him for trial counsel. The matter of probation and sentence was then continued to May 14, 1964, and again continued from time to time until it was finally heard on June 10, 1964, at which time judgment was pronounced.

In view of the foregoing record, we cannot accept as tenable

any of the charges made by appellant and specifically we cannot accept that he first disclosed the probability of obtaining Chong's testimony to present counsel who was first substituted in the case at the hearing on May 6, 1964. Nor can we accept as credible that appellant did not think of Chong as a witness or suggest him as a witness to his trial counsel.

▉ Appellant also contends that he was denied the right to face his accusers and to cross-examine them because the submission of his case on the grand jury transcript without his personal waiver of his constitutional right (Cal. Const., art. I, § 13; *Gray* v. *Wilson, supra,* 230 F. Supp. 860) excluded these rights.

The record discloses that three witnesses testified before the grand jury: Mann, Penprase and Castruita. Mann and Penprase were police officers who merely testified as experts that the substance Castruita purchased was actually heroin. Castruita was put on the witness stand at the trial and was cross-examined by appellant's counsel. In addition, appellant testified in his own defense. In these circumstances, while we do not approve the practice of submission on transcripts in criminal cases, it is clear that there was no prejudice to appellant in this case.

It is well settled that counsel, pursuant to his power to control the strategy and tactics of the trial may submit a case to the court on a preliminary hearing transcript. (*People* v. *Hart,* 121 Cal.App.2d 301, 302 [262 P.2d 865].) When counsel is appointed by the court his decision to submit on the preliminary transcript may be subject to closer scrutiny, (*Gray* v. *Wilson, supra,* 230 F. Supp. 860)[2] than if the same decision is made by a privately retained counsel. (*In re Rose, supra,* 62 Cal.2d 384.) In either case, however, the crucial question is not whether appellant has been denied the right to face his accusers but whether counsel made the decision on the basis of a reasoned and considered judgment.

▉ The propriety of submitting a case on a grand jury transcript which lacks the protective adversary nature of the preliminary hearing is a practice that should be narrowly used. ▉ However, as noted above, the record in this case

[2]In *Gray* v. *Wilson,* the court held that where there is a submission of the question of guilt or innocence as contrasted to a tactical decision by counsel, the defendant must personally waive his right to confront his accusers. In *Gray* counsel was appointed. The court suggested that the better practice would be to obtain a waiver from the defendant analogous to his waiver of a jury trial.

clearly discloses that appellant's counsel in fact cross-examined appellant's primary accuser and did not merely submit the case on the cold transcript. Thus the underlying premise of appellant's contention, whether it be considered as urging the denial of his right to face his accusers or as the denial of his right to effective representation, is not supported by any credible fact.

The judgment is affirmed. The appeal from the denial of the motion for a new trial is dismissed. (Pen. Code, 1237.)

Herndon, J., and Fleming, J., concurred.