[Civ. No. 12253.   Second Dist., Div. Five.   Jan. 31, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. SAMUEL JOSEPH HUFFMAN, Defendant and Appellant.

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, S. Clark Moore and Richard Tanzer, Deputy Attorneys General, for Plaintiff and Respondent.

STEPHENS, J.—By information, the District Attorney of Los Angeles County charged the defendant with assault with a deadly weapon, in violation of section 245 of the Penal Code, in that on or about April 22, 1965, he did commit an assault with a deadly weapon upon Gus Bowie, Jr. It was also alleged that defendant had been convicted of grand larceny and served a prison sentence in the State of Oklahoma. Defendant pleaded not guilty and denied the prior conviction as alleged. Jury trial was waived personally by defendant and all counsel. Defendant was found guilty of assault with a deadly weapon. No disposition was made of the prior conviction.

The recognized expertise of the trial judge compels us to the conclusion that he knew the result of not ruling upon the count containing the charged prior felony. Since no finding was made by the court as to the alleged prior conviction as required under Penal Code section 1158, the court's silence operates as an acquittal of the charge of the prior conviction. (*People* v. *Eppinger,* 109 Cal. 294 [41 P. 1037]; *People* v. *Ahouse,* 162 Cal.App.2d 586 [328 P.2d 227].) Thus the present conviction must be treated as a conviction upon a first offense. (*In re Hall,* 88 Cal.App.212 [263 P. 295].) This was the case. A probation report was ordered, probation denied, and defendant sentenced for the term prescribed by law in the state prison.

Defendant next contends that there is substantial conflict in the testimony. The victim, Gus Bowie, testified that defendant entered the house where they both lived, with Bowie's shotgun, and after verbal threats and a scuffle, shot Bowie in the leg. Defendant contends that although there was an argument, the shooting was an accident, the gun discharging as it fell from a chair. There was also testimony by Bowie that defendant urged Bowie to tell the police it was an accident and that Bowie complied, fearing that to do otherwise would delay defendant's summoning help.

At the trial, Bowie had some difficulty remembering whether he had ever stated it was an accident, although one other witness, Clementine Hatch, testified that at the hospital Bowie told her it had been an accident.

■ It is for the trier of facts to resolve conflicts in the evidence. Unless it clearly appears that on no hypothesis whatever is there sufficient evidence to sustain the judgment, it cannot be set aside upon appeal. (*People* v. *Morris,* 115 Cal. App.2d 312, 316 [252 P.2d 36].) .

■ Conflicts, and even testimony which is subject to justifiable suspicion, do not justify the reversal of a judgment, for it is the exclusive province of the judge to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. (*People* v. *Lyons,* 47 Cal.2d 311, 320 [303 P.2d 329]; *People* v. *Swanson,* 204 Cal. App.2d 169, 173 [22 Cal.Rptr. 178], cert. denied, 371 U.S. 958 [83 S.Ct. 516, 9 L.Ed.2d 505].)

The evidence here was legally sufficient to support the trial court's verdict and thus is not subject to review upon appeal.

Defendant also would urge a reversal on the ground that trial counsel's incompetency denied defendant his right to effective counsel as guaranteed by the federal Constitution (Sixth Amendment) and the California Constitution (art. I, § 13). Basis for this claim is the failure of defendant's trial counsel to recall a witness, Roosevelt Huffman, Jr., after laying proper foundation to impeach Bowie's testimony that he never said the shooting was an accident. Counsel for defendant admits that in light of Clementine Hatch's testimony that Bowie made similar statements to her, such testimony by Roosevelt Huffman, Jr. might have been cumulative. Defendant raises this contention for the first time on appeal.

■ The alleged errors of counsel here fall short of the prejudicial situations found in *People* v. *Monk,* 56 Cal.2d 288, 299 [14 Cal.Rptr. 633, 363 P.2d 865] and *People* v. *Hood,* 141 Cal.App.2d 585, 589-590 [297 P.2d 52]. As is summarized in *People* v. *Darmiento,* 243 Cal.App.2d 358, 366 [52 Cal. Rptr. 428] to obtain a reversal on the ground of inadequate counsel, it must be shown that the trial was reduced to a "farce or a sham." " 'In the heat of a trial, defendant's counsel is best able to determine proper tactics in the light of the jury's [here, the judge's] apparent reaction to the proceedings. *Except in rare cases an appellate court should not attempt to second-guess trial counsel.* [Citations.]' " (*People* v. *Darmiento, supra,* at pp. 366-367 quoting *People* v. *Brooks,*

64 Cal.2d 130 [48 Cal.Rptr. 879, 410 P.2d 383]; *People* v. *Reeves,* 64 Cal.2d 766, 772-774 [51 Cal.Rptr. 691, 415 P.2d 35].)

Clearly, we can say that the failure to call a second witness to impeach Bowie's testimony would be a matter of tactics, and would not reduce the trial to a "farce or a sham." One witness impeached the testimony of Bowie. Trial counsel may have felt that calling a second witness was not needed. It may have been an error in judgment, but it does not demand a reversal on the ground of inadequate representation. This is not a case such as *People* v. *Ibarra,* 60 Cal.2d 460 [34 Cal. Rptr. 863, 386 P.2d 487] where counsel did not know the existence of a commonplace rule, which lack of knowledge led to the failure to exert a defense which should have been raised by any attorney engaged in criminal trials. *In re Rose,* 62 Cal.2d 384 [42 Cal.Rptr. 236, 398 P.2d 428] demonstrates the application of this distinction.

Judgment affirmed.

Kaus, P. J., and Hufstedler, J., concurred.