255 Cal.App.2d 183 (1967)
THE PEOPLE, Plaintiff and Respondent,
v.
VICTOR ALBERT CURCIO, Defendant and Appellant.
California Court of Appeals. 
Oct. 18, 1967.
 Victor Albert Curcio, in pro. per., and Wesley C. Blake, under appointment by the Court of Appeal, for Defendant and Appellant.
 Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Richard Tanzer, Deputy Attorney General, for Plaintiff and Respondent.
 BROWN (Gerald), P. J.
 Victor Albert Curcio appeals from a judgment of conviction entered upon a jury verdict of first degree burglary (Pen. Code, 459 and 460). He admitted four prior felony convictions.
 On November 10, 1965, Curcio entered the R.C.A. Distributing Company's San Diego warehouse carrying a cardboard carton, walked upstairs to the second floor display area, and, after about three minutes, came downstairs and left the building, still carrying the carton. The warehouse manager, Jack Wiseman, followed Curcio out of the building and stopped him. Curcio handed the carton to Wiseman, saying: "Take your damn radios." The carton contained four radios the serial numbers and identification marks of which matched those Wiseman discovered missing upon his return to the warehouse.
 After handing the carton to Wiseman, Curcio hurriedly walked away. Wiseman followed. When Wiseman got within 3 or 4 feet of Curcio, Curcio stopped, turned toward Wiseman, reached into his right coat pocket and said: "Get away from me, [vulgarity]. I am going to cut you." Wiseman backed off, then followed Curcio into a parking lot. At this point, Police Officer Frankson arrived, searched Curcio and found: 1) small pieces of paper on which Curcio had written the addresses of four radio and television wholesale distributorships; and, 2) in his right coat pocket, two can openers, one a beer can type of opener for making "V" shape openings in the can top, the other, as characterized by Wiseman, a long handled opener to be inserted into the can and worked around it.
 Curcio makes 10 unmeritorious contentions:
 1) The trial court denied Curcio due process and a fair and impartial trial by admitting evidence of his earlier burglary.
 [1a] The challenged evidence reveals Curcio, in January *186 1964, entered the Admiral warehouse in San Diego, walked to the radio room, and left carrying a cardboard case. Five or six radios were discovered missing. Although not apprehended after the Admiral burglary, witnesses identified Curcio as the Admiral burglar who, after the burglary, walked down the street carrying an identifiable cardboard case, asking for help in carrying a carton containing five or six "slightly warm" radios.
 [2] The rule respecting evidence of other crimes is well stated by our Supreme Court in People v. Lopez, 60 Cal.2d 223, 249-250 [32 Cal.Rptr. 424, 384 P.2d 16]: " 'It is settled in this state ... that except when it shows merely criminal disposition (People v. Cook (1905) 148 Cal. 334, 340 [83 P. 43]; People v. Glass (1910) 158 Cal. 650, 658 [112 P. 281]), evidence that is relevant is not excluded because it reveals the commission of an offense other than that charged."
 [3] " 'The general tests of the admissibility of evidence in a criminal case are: ... does it tend logically, naturally, and by reasonable inference, to establish any fact material for the people, or to overcome any material matter sought to be proved by the defense? If it does, then it is admissible, whether it embraces the commission of another crime or does not, whether the other crime be similar in kind or not, whether it be part of a single design or not." (People v. Peete (1946) 28 Cal.2d 306, 314-315 [1] [169 P.2d 924].)" (See People v. Kelley, 66 Cal.2d 232, 239-240 [57 Cal.Rptr. 363, 424 P.2d 947].) This rule has not been held unconstitutional. [1b] The trial court properly admitted the contested evidence to prove Curcio's common design or plan inferring his intent to enter the R.C.A. warehouse to commit a felony (People v. Roy, 203 Cal.App.2d 613, 621-622 [21 Cal.Rptr. 620]; People v. Adamson, 225 Cal.App.2d 74 [36 Cal.Rptr. 894]). The trial court did not abuse its discretion in determining the probative value of the evidence outweighed any possible prejudicial effect (People v. Henderson, 60 Cal.2d 482, 495 [35 Cal.Rptr. 77, 386 P.2d 677]; People v. McCaughan, 49 Cal.2d 409, 421-422 [317 P.2d 974])."
 2) The trial court erroneously instructed the jury regarding the evidence of Curcio's earlier burglary.
 [4] The trial court instructed: "Evidence is being offered in this case for the purpose of showing that the defendant committed other crimes than the one of which he is accused and for which he is on trial in this action, namely, that the defendant stole radios from the Admiral Corporation located *187 at 808 J Street, San Diego, on January 28th, 1964. Such evidence is being received solely for a limited purpose only, not to prove distinct offenses or continual criminality but for such bearing, if any, as it might have on the question whether the defendant is innocent or guilty of the crime charged against him in this action."
 "You are not permitted to consider that evidence for any other purpose, and as to that purpose you must weigh such evidence as you do all other in the case. The value, if any, of such evidence depends on whether or not it tends to show the identity of the person who committed the alleged crime in question in this case, if it was committed, or that the defendant entertained the intent which is a necessary element of the alleged crime for which he now is on trial, or that the defendant was familiar with or possessed the means alleged to have been used in the commission of the crime of which he is accused in this action, or that the defendant's knowledge that might have been useful in or necessary to the commission of the crime for which he is now on trial."
 Curcio argues the court, by instructing he had committed other crimes which might have bearing on his guilt of the crime charged, erroneously created the impression continual criminality might prove guilt. To reach this result, Curcio pulls the court's words "the defendant committed other crimes" out of context, ignores the words instructing this evidence cannot be used to prove continual criminality, and focuses on the statement the evidence might have bearing on his innocence or guilt of the crime charged, ignoring the entire second paragraph which clarifies with precision the extent to which the evidence may have a bearing on innocence or guilt. In context, as a whole, the language instructed properly reflected the possible use of the evidence.
 3) Counsel incompetently represented Curcio.
 [5] Two hired attorneys represented Curcio at trial. We have examined the entire record, including each of Curcio's alleged examples of incompetence. Neither the alleged examples nor the entire record reveal ineffective representation, let alone incompetence reducing the trial to a farce or sham, as required for reversal (People v. Ibarra, 60 Cal.2d 460 [34 Cal.Rptr. 863, 386 P.2d 487]; In re Rose, 62 Cal.2d 384 [42 Cal.Rptr. 236, 398 P.2d 428]).
 4) The trial court denied Curcio his Fifth and Sixth Amendment rights by admitting evidence of an identification *188 made at a police lineup at which he was not represented by counsel.
 [6] United States v. Wade, 388 U.S. 218, 223 [18 L.Ed.2d 1149, 1155, 87 S.Ct. 1926, 1930], and Gilbert v. California, 388 U.S. 263, 269 [18 L.Ed.2d 1178, 1184, 87 S.Ct. 1951, 1955], decided June 12, 1967, are not to be applied retroactively (People v. Feggans, 67 Cal.2d 444 [62 Cal.Rptr. 419, 432 P.2d 21]; see Stovall v. Denno, 388 U.S. 293, 296 [18 L.Ed.2d 1199, 1203, 87 S.Ct. 1967, 1969]). Curcio's trial and lineup preceded June 12, 1967. Wade and Gilbert, therefore, to whatever extent they support Curcio's contention, if at all, are inapplicable here.
 5) The trial court improperly curtailed Curcio's counsel's cross- examination of R.C.A. employee Stevens.
 [7] On cross-examination, Stevens testified approximately two or three minutes lapsed between the time he saw Curcio go upstairs and the time he came down. Curcio's counsel then brought up Stevens' preliminary examination testimony in which he said "Five minutes at the very most." Cross-examination continued:
 "Q You are saying now that only three minutes at the very most had elapsed?"
 "A I said approximately three minutes, and at that time I said at the very most five minutes."
 "Q There is a difference in time. What is it going to be?"
 "The Court: Just a moment. Under the rule that the greater includes the lesser the attempt to impeach this witness on that ground is denied."
 "...."
 "Q Well, whether it be three minutes or five minutes it is an approximate time, is it not?"
 "A Yes, it is."
 The trial court properly determined the testimony was not impeachably inconsistent. "Five minutes at the very most" includes approximately three.
 6) The trial court erroneously admitted into evidence the can openers and papers Officer Frankson seized after unlawfully searching Curcio.
 [8] Before arresting and searching Curcio, Frankson observed Wiseman chasing Curcio; talked with a group of three men who told him the man chasing had left some radios with them and had asked them to call the police. When Frankson overtook Curcio, Curcio blurted out Wiseman stole *189 the radios. Frankson reasonably believed Curcio had committed a felony, and properly arrested him without a warrant (Pen. Code, 836; People v. Smith, 50 Cal.2d 149 [323 P.2d 435]; People v. McVey, 243 Cal.App.2d 215 [52 Cal.Rptr. 269]; People v. Evans, 175 Cal.App.2d 274 [345 P.2d 947]). Incident to arrest, Frankson properly searched Curcio (People v. Grubb, 63 Cal.2d 614 [47 Cal.Rptr. 772, 408 P.2d 100]; People v. Cockrell, 63 Cal.2d 659, 666 [47 Cal.Rptr. 788, 408 P.2d 116]; People v. Burke, 61 Cal.2d 575 [39 Cal.Rptr. 531, 394 P.2d 67]). The trial court, therefore, properly admitted the can openers and papers.
 7) The trial court erroneously instructed:
 "Neither the prosecution nor the defense is required to call as witnesses all persons who are shown to have been present at any of the events involved in the evidence or who may appear to have some knowledge of the matters in question in this trial. Nor is the prosecution or defense required to produce as exhibits all objects or documents that have been referred to in the testimony or the existence of which may have been suggested by the evidence."
 Curcio argues because he did not present any evidence, the instruction could only mean the prosecution had more evidence than presented, and he had none. This is unconvincing speculation unsupported by any citation of authority.
 8) The trial court improperly failed to instruct on lesser included offenses.
 [9] Curcio does not recite what these lesser included offenses might be. The trial court instructed on the degrees of burglary. Curcio did not present a defense. There was no foundation for any verdict intermediate between "not guilty" and "guilty as charged". There was, therefore, no error (People v. Roth, 228 Cal.App.2d 522, 531-532 [39 Cal.Rptr. 582]; People v. Morrison, 228 Cal.App.2d 707, 712 [39 Cal.Rptr. 874]).
 9) The trial court failed to instruct first degree burglary, premised upon being armed with a deadly weapon, requires an intention at the time of entry to use the deadly weapon.
 [10] Penal Code, section 460 defines first degree burglary as, inter alia, burglary committed by a person armed with a deadly weapon. Section 460 does not require the person intend to use the weapon. Curcio does not present any authority supporting this contention. The trial court properly instructed in terms of Penal Code, section 460. *190
 10) The evidence is insufficient to support the first degree conviction.
 Curcio contends he was not armed with a deadly weapon. We disagree. [11] An instrumentality is a deadly weapon if it is capable of being used to inflict death or great bodily injury, and if its possessor intends to use it as a weapon should the circumstances require it (People v. Morlock, 46 Cal.2d 141 [292 P.2d 897]; People v. Fisher, 234 Cal.App.2d 189 [44 Cal.Rptr. 302]; People v. Claborn, 224 Cal.App.2d 38 [36 Cal.Rptr. 132]). [12] Whether a particular weapon is a deadly weapon is a question of fact (People v. Fisher, supra, 234 Cal.App.2d 189). [13] The evidence of Curcio's assault on Wiseman substantiates the jury's implied finding Curcio intended, throughout the burglary, to use the can openers to produce death or great bodily injury if the circumstances, such as apprehension, required it. The finding the can openers were deadly weapons, therefore, is sufficiently substantiated.
 The evidence of the Admiral episode, possession of the lists of radio and television distributorships, Curcio's carrying a carton into the warehouse, his use of the carton to carry out radios, and his possession of the radios after leaving the warehouse sufficiently substantiates the jury's finding he intended to commit theft at the time he entered the building.
 Judgment affirmed.
 Coughlin, J., and Whelan, J., concurred.