[Crim. No. 12138.   Second Dist., Div. One.   June 28, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. ALPHONSO
JAQUIN SCOTT, Defendant and Appellant.

William Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Philippe J. Monet, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of possessing marijuana.

In an information filed in Los Angeles on June 24, 1965, defendant was charged with having possessed marijuana on May 13, 1965. It was further charged that defendant previously, in August 1957, had been convicted of a violation of

section 11500 of the Health and Safety Code and that in July 1964 he again had been charged and convicted of a violation of section 11530 of the Health and Safety Code and had served a term therefor in prison. Defendant pleaded not guilty and denied that he previously had been convicted as charged. It was stipulated on November 3, 1965:

"That the Court may read and consider the testimony taken at the time of the preliminary hearing in the matter, giving to it the same force and effect as if the witnesses there were here called, sworn, and testified under oath and in like fashion, and it is deemed they did so testify in like fashion; that all stipulations and agreements entered into at the time of the preliminary hearing be deemed to be reentered into for the purpose of this proceeding. All items of evidence entered into at the time of the preliminary hearing be deemed reentered into evidence at the time of this particular proceeding, same items of identification to bear the same numerical designation as they did bear at the time of the preliminary hearing."

Defendant was asked particularly whether he understood the stipulation and whether he agreed to it. It was explained further that the witnesses who testified at the preliminary hearing probably would not be seen again, that there probably would be no further cross-examination of any witnesses. Defendant's counsel stated to the court that he had explained to the defendant "what would happen here and I am sure that the defendant understands it, your Honor." It was further stipulated that the court without a jury could determine the truth or falsity of the priors based upon all competent evidence to be submitted to him. The original files in the two charged prior cases were offered and received into evidence and it was stipulated that the person named in the two superior court files was the defendant. The marijuana cigarette also was admitted into evidence.

Defendant offered no evidence. On November 3, 1965, the defendant was found guilty as charged. Time was waived. Defendant's counsel stated that defendant was in custody and the cause was "put over for probation and sentence" to November 24, 1965. On November 24, 1965, upon motion of defendant further proceedings were continued to December 8, 1965. On December 8, 1965, upon motion of defendant the probation hearing and sentence were continued to December 15, 1965. On December 15, 1965, upon the motion of defendant the proceedings were continued to January 19, 1966; the

minutes of December 15 recite, "No further continuance will be considered." On January 19, 1966, defendant's motion for a new trial was denied. A motion to dismiss the cause also was denied. Defendant was then sentenced to the state prison the term to run concurrently with the sentence being served. The judge stated that he would "make no ruling on the priors since they didn't come up at the time of the hearing." A timely notice of appeal was filed from the judgment.

The record in this case indicates that defendant was convicted of possessing marijuana in 1957 in violation of section 11500 of the Health and Safety Code and was then placed on probation for three years. On July 10, 1964, defendant, after conviction of a charge of possessing marijuana with a prior, was sentenced to the state prison. He appealed that judgment. While awaiting the determination of that appeal the present offense was committed. On May 13, 1965, at about 2:50 a.m. Officers Carter and Lott of the Los Angeles Police Department driving eastbound on Beverly Boulevard saw defendant and another person pull up, double-park and stand by a telephone booth. The officers suspected a burglary, returned to the booth and not finding the suspects made a check of the area. They saw defendant drive out of a parking lot into an alley way. Carter was in uniform and called to defendant to stop but defendant kept going and passed the officer. The officers then followed defendant who was driving at speeds in excess of 65 to 70 miles per hour in a 25 mile zone. At an intersection the officers saw defendant toss out an object from his car which resembled a small brown package. Defendant was stopped within two blocks and the package, which contained marijuana cigarettes, was retrieved by the officers. Defendant presented no defense.

Appellant now asserts:

"(1) That the trial court failed to impose sentence within 21 days after finding him guilty, as required by section 1191, Penal Code;

"(2) that he was not accorded a 'probation interview';

"(3) that all postponements of proceedings during his absence from court, were illegal;

"(4) that he did not personally waive time for sentencing;

"(5) that he was not notified of postponements;

"(6) that he was denied the guarantees of the 14th Amendment to the Constitution of the United States;

"(7) that he was denied effective representation by his

counsel below, in that the latter forgot to, and failed to subpoena certain persons to testify on his behalf, and failed to introduce certain evidence, all helpful to defendant;

"(8) that defendant was 'non compos mentis' a part of the time and did not intelligently waive any of his rights, including the right of a full jury trial, rather than a submission on the transcript of the preliminary hearing before the Municipal Court."

There is no merit to appellant's contentions.

Seldom has there been a record before this court where the prosecutor and the judge were so careful and meticulous in advising and explaining to the defendant his rights and the effect of any waiver by him and his counsel. We note that defendant is a high school graduate and twice before had been involved in court proceedings with reference to the possession of marijuana. There is nothing in the record which in the slightest supports the view that defendant did not understand what was taking place and what he was waiving.

Appellant's trial counsel was of his own choice. Counsel had to work with the facts at hand, and considering everything we find no failure upon his part in his representation of appellant. (See *People* v. *Richardson,* 258 Cal.App.2d 23 [65 Cal.Rptr. 487]; *People* v. *Walker,* 247 Cal.App.2d 554 [55 Cal.Rptr. 726]; *In re Rose,* 62 Cal.2d 384, 386 [42 Cal.Rptr. 236, 398 P.2d 428]; *People* v. *Huffman,* 248 Cal. App.2d 260 [56 Cal.Rptr. 255]; *People* v. *Larrios,* 220 Cal. 236, 251 [30 P.2d 404].)

Appellant as a matter of fact was not entitled to a personal interview with the probation officer. The fact is that appellant was in the state prison in October 1965, the judgment of his second conviction having been affirmed, and surely it is not necessary or required for a probation officer to go to a state prison to interview a petitioner under the circumstances as here presented. Penal Code section 1203 provides in part: "The probation officer must thereupon make an investigation of the circumstances surrounding the crime and of the prior record and history of the defendant. . . ." The officer in this case had before him appellant's records of 1957, the records of 1964, the police reports and other documents and further he knew appellant was in prison on a like charge. It is inconceivable that the probation officer could make any recommendation other than the one he did make.

■ Appellant made the several requests for continuance of the time of pronouncing judgment. The provisions of section 1191 may be waived in this instance. (See *People* v. *Hammond*, 22 Cal.App.2d 505, 506 [71 P.2d 334]; *People* v. *Manriquez*, 188 Cal. 602, 606 [206 P. 63, 20 A.L.R. 1441].)

We have considered appellant's other contentions and under the circumstances of this case there was no miscarriage of justice. Indeed appellant is most fortunate that the judge failed to make any findings with reference to the charged priors and that the term herein was made to run concurrently with appellant's term on account of the 1964 offense.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.