Filed 1/13/21

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO


| | | |
|---|---|---|
| ISAAC FAVOR, | | |
| Petitioner, | | E075340 |
| v. | | (Super.Ct.No. FVI20000446) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | | OPINION |
| Respondent; | | |
| THE PEOPLE, | | |
| Real Party in Interest. | | |

ORIGINAL PROCEEDINGS: petition for writ of mandate. Michael A. Camber, Judge. Petition granted.

G. Christopher Gardner, Public Defender, and Stephan J. Willms, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Jason Anderson, District Attorney, and Eric M. Ferguson, Deputy District Attorney, for Real Party in Interest.

The right to a preliminary hearing within 60 days of arraignment "is absolute absent a defendant's personal waiver." (*Ramos v. Superior Court* (2007) 146 Cal.App.4th 719, 729.) Petitioner Isaac Favor agreed to a limited waiver of this right, consenting to a new deadline that was 76 days after arraignment. The preliminary hearing was not held by that date, so Favor moved for mandatory dismissal under Penal Code section 859b.[1] The People argue that there can be no limited waiver of the 60-day deadline, so Favor's waiver was a general one that allowed the preliminary hearing to be set later than he authorized, even without a further waiver. We reject that argument and join *Garcia v. Superior Court* (2020) 47 Cal.App.5th 631, 651-652 in enforcing a limited waiver of the 60-day preliminary hearing deadline. We therefore grant Favor's writ petition and order the trial court to grant his motion to dismiss.

## I. FACTS

On February 19, 2020, Favor was arraigned in custody and pled not guilty to a single charge of manufacturing, selling, or possessing a short-barreled shotgun, in violation of section 33210. The court set his preliminary hearing for March 2, 2020.

Instead, however, on February 25, 2020, the parties agreed that Favor would be released from custody while the parties awaited a pretrial release report, and that he would appear on March 6 for the court to determine whether to return him to custody after considering that report. Favor waived the right to have his preliminary hearing by March 4, and agreed that it could be held within 60 days of March 6:

---

[1] Further undesignated statutory references are to the Penal Code.

COURT: Mr. Favor, do you understand you currently have a right to have your preliminary hearing no later than March 4th?

DEFENDANT: Yes, sir.

COURT: Do you wish to waive and give up that right and agree that your hearing will be timely if held within 60 days of March 6? Is that okay?

DEFENDANT: Yes, sir.

Sixty days after March 6 was May 5, 2020. The minute order for the hearing reflected a deadline that was one day more restrictive, recording that Favor had waived the time for the preliminary hearing until May 4. When the parties appeared for the March 6 hearing, the trial court used May 4 as the deadline, telling the parties, "[t]he time waiver is to May 4th." The May 4 date again was provided on the March 6 minute order. The People did not object to the limited waiver during this time period.

The preliminary hearing, however, did not occur by either May 4 or May 5 and instead was held on May 26, 2020. Neither the court nor any party attempted to set a preliminary hearing before then. A clerical error apparently contributed to this result. A minute order created after a March 11, 2020, hearing contained the misstatement that Favor had waived time for the preliminary hearing until May 26. That error was repeated in a subsequent minute order.

On May 18, 2020, Favor filed a written motion to dismiss, arguing that the time for his preliminary hearing, as extended by his limited waiver, had expired. The parties

3

appeared on that day for the first time since March.  Lacking transcripts of the earlier proceedings, the People noted that a minute order stated that the last day for the preliminary hearing was May 26.  At later hearings, however, having reviewed the transcripts, the People acknowledged that there had been no time waiver to May 26.

In a written opposition filed on May 19, 2020, the People argued that when a defendant waives the right to have a preliminary hearing within 60 days of arraignment, there is no longer any deadline under which the case is subject to mandatory dismissal absent waiver.

On May 22, 2020, the court denied Favor's motion to dismiss, finding good cause for a continuance beyond May 4, 2020.  At the May 26 preliminary hearing, Favor requested that the court find that his time waiver was to only May 4, 2020, and the court did so.  Favor then filed the instant writ petition, asking us to order that the court grant his motion to dismiss because his preliminary hearing was held beyond the date authorized by his limited waiver of the 60-day deadline.[2]

---

[2] Section 871.6 expressly authorizes writ review in cases where the preliminary hearing is set beyond the time specified in section 859b.  Enacted by Proposition 115 in 1990, section 871.6 provides that a writ petition on this basis "may" be filed in the superior court and potentially be reviewed by the court of appeal.  We do not read this language to preclude us from considering Favor's petition, which was filed in this court in the first instance.  The People have not argued otherwise.  Also, section 871.6 authorizes "a petition for writ of mandate or prohibition."  Favor has styled his petition as one seeking a writ of prohibition, but we will refer to the writ ordering a section 859b dismissal as a writ of mandate.  (See *Bullock v. Superior Court* (2020) 51 Cal.App.5th 134, 149 [stating that the petitioner properly filed a "writ of mandate"].)

4

## II.  DISCUSSION

A defendant arrested and arraigned on a felony complaint is entitled to a preliminary hearing.  The purpose of the hearing "is to determine whether there is probable cause to conclude that the defendant has committed the offense charged." (*Galindo v. Superior Court* (2010) 50 Cal.4th 1, 8.)

The defendant has "the right to a preliminary examination at the earliest possible time."  (§ 859b.)  This right is supplementary to, and a construction of, the constitutional right to a speedy trial.  (*People v. Standish* (2006) 38 Cal.4th 858, 870.)

To effectuate the right to a speedy preliminary hearing, section 859b contains two deadlines.

First, the preliminary hearing "shall be held within 10 court days" of the arraignment.  (§ 859b.)  If the defendant is in custody, the charges must be dismissed if the hearing does not occur within that time, unless an exception applies.  (*Ibid*.)  The 10-day deadline has two exceptions.  The defendant may "personally waive[]" his right to an examination within 10 court days.  (*Ibid*.)  Alternatively, the prosecution may "establish[] good cause" for a continuance beyond that period.  (*Ibid*.)

The second section 859b deadline is an outer limit of 60 days from the date of arraignment to hold the preliminary hearing.  If the hearing "is set or continued more than 60 days from the date of the arraignment," the charges shall be dismissed.  (§ 859b.)  As to this deadline, there is only one exception:  the defendant may "personally waive[]" his or her right to a preliminary examination within the 60 days.  (*Ibid*.)  In contrast to the

5

10-day deadline, the 60-day limit contains no good cause exception.[3] The 60-day limit protects the right to a speedy preliminary hearing by ensuring that, even with good cause, the hearing may not be continued indefinitely. (*People v. Figueroa* (2017) 11 Cal.App.5th 665, 675.) It also ensures that criminal cases are moved expeditiously through the courts. (*Ibid*.)

Here, Favor waived the 60-day deadline in a limited manner. He agreed that the preliminary hearing could occur "within 60 days of March 6." That is, he agreed that the hearing would occur by May 5, 2020, seventy-six days from his February 19, 2020, arraignment. The hearing, however, did not occur by this date.

Because the preliminary hearing occurred beyond the 60-day deadline as extended by Favor's waiver, the trial court erred in denying Favor's motion to dismiss the complaint. Absent a personal waiver, the court "shall dismiss" the charges if the preliminary hearing is set or continued after the 60-day deadline. (§ 859b.) The trial court was obligated to dismiss the charges under this rule.

In this proceeding, the People argue that there can be no limited waiver of the 60-day rule. In the People's view, once a defendant has waived the 60-day rule, that deadline is not operative in any respect. We reject this argument. In our view, a

---

[3] As to the 60-day deadline, section 859b states in relevant part: "The magistrate shall dismiss the complaint if the preliminary examination is set or continued more than 60 days from the date of the arraignment, plea, or reinstatement of criminal proceeding . . . unless the defendant personally waives his or her right to a preliminary examination within the 60 days."

defendant may personally waive the 60-day rule in a limited manner, extending the deadline to a particular date beyond the original deadline, but not waiving it altogether.

The text of section 859b does not expressly address a limited waiver. If the preliminary hearing does not occur within 60 days of arraignment, section 859b requires dismissal "unless the defendant personally waives his or her right to a preliminary examination within the 60 days." This language certainly permits a general waiver, whereby the defendant agrees that there is no longer *any* deadline for his or her preliminary hearing. It does not expressly address a defendant's waiver of the 60-day deadline in a limited manner, extending the deadline only to a particular date.

The People argue that, because there is no express authorization for a limited waiver in section 859b, the defendant's only options are a general waiver or no waiver at all, and that a purportedly limited waiver has the same effect as a general waiver. This argument ignores that section 859b is not the only source of a defendant's ability to waive statutory rights.

A defendant's ability to effect a limited waiver of statutory rights is embedded elsewhere in the law, so the lack of express authorization for a limited waiver in section 859b is immaterial. In both civil and criminal cases, it is "well-established" that litigants may waive statutory rights, unless such a waiver is contrary to public policy. (*People v. Johnson* (2002) 28 Cal.4th 1050, 1055; accord, Civ. Code, § 3513.) This rule has been applied to statutory provisions that include no express discussion of waiver. Moreover, it has been applied to allow not only general waivers, but also limited waivers. For

7

example, a defendant may make a limited waiver of the section 1191 statutory deadline for pronouncing a judgment after guilty plea by requesting a continuance of that deadline to a different date, even though there is no waiver provision in section 1191. (*People v Scott* (1968) 263 Cal.App.2d 581, 586; see also *People v. Manriquez* (1922) 188 Cal. 602, 606.) Thus, a criminal statute's silence as to the right to waive a deadline does not preclude a defendant from agreeing to a general or limited waiver.

Similarly, if instead of silence, a statute expressly allows for a general waiver, that too does not preclude a limited waiver. In a context closely related to section 859b, the Court of Appeal has decided as much. A defendant's statutory right to a *continuous* preliminary hearing is found in section 861, which also requires dismissal if that right is violated. Section 861 expressly allows defendants to personally waive the right to a continuous hearing. In *Kruse v. Superior Court* (2008) 162 Cal.App.4th 1364, 1372-1373, the People argued that a defendant's waiver was a general one, meaning that a preliminary hearing that had begun could be continued on any date. The Court of the Appeal rejected that argument, holding that the waiver was "limited in time" to a particular date and thus could not be continued beyond that date. (*Id.* at p. 1373.) The waiver was not "a general waiver of the right to a continuous preliminary hearing." (*Ibid.*) *Kruse* reflects the same reading of section 861 that we give section 859b: the statutory authorization of a waiver allows for either a general one or a limited one. The waiver language in section 859b serves a purpose in establishing that a defendant must

8

"personally" waive the hearing deadline; counsel cannot waive it. But it does not restrict the scope of a defendant's personal waiver of the deadline.

Our holding is in accord with the Court of Appeal's conclusion in *Garcia*, *supra*, 47 Cal.App.5th at pp. 651-652. *Garcia* held that a defendant's agreement to continue the preliminary hearing "was not a general waiver of [the defendant's] right to a preliminary hearing within the ten and sixty day time periods" in section 859b but rather a "specific and limited time waiver" to a particular date. (*Garcia*, at p. 651.) As a result, the date that the defendant agreed to "was the last day on which the preliminary hearing could be held based on [the defendant's] limited waiver." (*Id*. at p. 652.) Because the hearing did not occur by that date, the court directed the trial court to enter an order dismissing the operative complaint. (*Id*. at pp. 655-656.) We do the same here.

We see nothing contrary to public policy in construing section 859b to allow for a limited waiver of the 60-day deadline. The People's construction of the statute would put the parties and the court to an all or nothing choice: either the defendant refuses to waive the 60-day outer limit for a preliminary hearing, or the defendant waives it entirely, so the preliminary hearing could be continued indefinitely for good cause. This is, on its face, counterproductive to the efficient administration of justice. In situations where both parties and the court wish to extend the deadline to accomplish some needed purpose, the defendant would have to refuse to waive the deadline to maintain any outer limit on when the preliminary hearing would be held. We are certain that trial courts, defendants, and (on at least some occasions) prosecutors would prefer the flexibility to offer the

9

defendant a limited waiver as an option instead. Additionally, by allowing the defendant to agree to an extended—but nevertheless firm—deadline, limited waivers of the statutory preliminary hearing deadlines also preserve defendants' constitutional right to a speedy trial, and ensure cases continue to move expeditiously through the courts.

In this case, the trial court denied Favor's motion to dismiss after finding good cause to hold the preliminary hearing after the date authorized by Favor's waiver. The court stated that "through no fault of anyone" cases were continued due to the "public health emergency" during the COVID-19 pandemic. The 60-day rule, however, "contains no good-cause exception." (*Ramos*, *supra*, 146 Cal.App.4th at p. 734.) A good cause finding cannot support holding the preliminary hearing after the extended deadline to which Favor agreed.

We note that it is arguable that compliance with the 60-day rule could be excused if it were *impossible* to safely hold a preliminary hearing as the deadline approached due to an emergency court closure. (See generally Civ. Code, § 3531 ["The law never requires impossibilities"]; *National Shooting Sports Foundation, Inc. v. State* (2018) 5 Cal.5th 428, 434 ["a statute may contain an implied exception for noncompliance based on impossibility where such an exception reflects a proper understanding of the legislative intent behind the statute"].) But we are not presented with a situation where it was impossible to timely hold Favor's preliminary hearing. Pursuant to a series of orders of the presiding judge of the San Bernardino County Superior Court, courts were partially closed in the county from March 24, 2020, to May 30, 2020. From the beginning of this

period, courts were open for 14 types of "time-sensitive" proceedings that were permitted in accord with "strict distancing protocols."  For the first few days, these included in-custody preliminary hearings, but Favor was not then in custody.  Beginning on April 3, 2020, however, the Superior Court expanded its availability to include "[c]riminal, in-custody and/or other time-sensitive or critical matters, including, but not limited to, pre-preliminary and preliminary hearings."  Under this standard, the People (or the trial court) could have set Favor's preliminary hearing for over a month preceding the May 5, 2020, deadline established by his waiver.  Because the COVID-19 pandemic did not create an impossibility, we do not see it as affecting our analysis.

*Bullock v. Superior Court*, *supra*, 51 Cal.App.5th 134 also is inapposite.  That case concerned whether the COVID-19 pandemic provided good cause to justify setting a preliminary hearing beyond the 10-court-day deadline in section 859b, a deadline for which a good cause exception is available.  This case involves a violation of the 60-day outer limit for setting a preliminary hearing, as to which there is no good cause exception.

It also does not matter that clerical errors (minute orders incorrectly recording that Favor waived time until May 26, 2020, instead of to May 5, 2020) may have been a substantial factor in causing Favor's hearing to be untimely.  Even if such clerical errors, particularly combined with the disruptions caused by the pandemic, might constitute good cause for a delay—an issue we need not and do not decide—there is no good cause exception available to justify delay beyond the 60-day deadline (as extended by Favor's limited waiver) and avoid dismissal.

11

## III. DISPOSITION

Let a peremptory writ of mandate issue, directing the Superior Court of San Bernardino County to vacate its May 22, 2020, order denying Favor's motion to dismiss and enter a new and different order dismissing the amended complaint against him.

CERTIFIED FOR PUBLICATION

RAPHAEL
J.

We concur:

RAMIREZ
P. J.

MENETREZ
J.

12